IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

Case No. 1:22-cv-01270-LEK-ATB

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

WADAYANEED, LLC d/b/a
WHATDOYOUNEED.COM

     Defendant.

_____

## DECLARATION IN SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT

Daniel DeSouza does hereby declare pursuant to 28 U.S.C. § 1746:

1.     I submit this declaration in support of plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.'s ("Plaintiff") Motion for Default Final Judgment against defendant WaDaYaNeed, LLC d/b/a Whatdoyouneed.com ("Defendant"). This declaration and the facts stated herein are based upon my personal knowledge.

2.     Defendant is not an infant or incompetent person.

3.     Defendant is not in the military service.

4.     Defendant has defaulted in appearance in the action.

5.     Service was properly effected under Fed. R. Civ. P. 4.

6.     This action was commenced on November 29, 2022 pursuant to the Complaint filed against defendant for one count of copyright infringement. A copy of the Complaint is attached hereto as **Exhibit "A."**

7.     The time for Defendant to answer or otherwise move with respect to the Complaint

herein has expired.

8.      Defendant has not answered or otherwise moved with respect to the Complaint, and the time for Defendant to answer or otherwise move has not been extended.

9.      That Defendant's default has been noted by the Clerk of Court. A copy of the Certificate is attached hereto as **Exhibit "B."**

10.     Defendant is indebted to plaintiff in the following manner: damages in the amount of $23,976.00 ($11,988.00 x 2) under 17 U.S.C. § 504(c)(2) for Defendant's infringement, for a total of **$23,976.00**.

11.     Plaintiff requests that a default judgment be entered in favor of plaintiff and against Defendant.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiff, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Dated: February 27, 2023.                    By: /s/ Daniel DeSouza_____
                                                  Daniel DeSouza

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

Case No. 1:22-cv-1270 (LEK/ATB)

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

WADAYANEED, LLC d/b/a
WHATDOYOUNEED.COM

     Defendant.

_____

## **COMPLAINT**

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("Plaintiff") sues defendant WaDaYaNeed, LLC d/b/a Whatdoyouneed.com ("Defendant"), and

alleges as follows:

## **THE PARTIES**

1.     Plaintiff is a corporation organized and existing under the laws of the State of

Florida with its principal place of business located in Broward County, Florida.

2.     Defendant is a limited liability company organized and existing under the laws of

the State of New York with its principal place of business located 1516 State Route 7

Warnerville, NY 12187.  Defendant serves as its own agent for service of process at 40 Colvin

Avenue, Suite 200, Albany, NY 12206.

## **JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

1

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contact with New York such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." <u>Cavu Releasing, LLC. v. Fries</u>, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005).  In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." <u>Noble v. Crazetees.com</u>, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I.      Plaintiff's Business

6.     Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7.     Through its commercial website (<u>www.preparedfoodphotos.com</u>), Plaintiff offers a monthly subscription service that provides access to/license of tens of thousands of professional images.

8.     Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

9.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by

2

Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.     The Work at Issue in this Lawsuit

11.     In 1996, a professional photographer created a photograph titled "PorkChopCCBnInGrlMrk006_ADL" (the "<u>Work</u>"). A copy of the Work is exhibited below:



12.     The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on December 30, 2016 and was assigned Registration No. VA 2-025-647. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

13.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.     Defendant's Unlawful Activities

14.     Defendant produces custom imprinted promotional items. Defendant's custom

catalog ranges from hats, prints, apparel, etc.

15.     Defendant advertises/markets its business primarily through its website (https://www.whatdoyouneed.com/) and other forms of advertising.

16.     On a date (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://www.whatdoyouneed.com/q23uick-and-simple-recipes-appointment-calendars-custom-printed-promotional-logo.htm) in connection with Defendant's sale of custom calendars:



17.     A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

18.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with the advertising of its products or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

19.     Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

20.     Upon information and belief, Defendant located a copy of the Work on the internet

and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on December 20, 2019.   Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.   To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of her Work.

22.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

27.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

5

29.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant utilizes a copyright disclaimer on its website (© Copyright 1998 - 2022 All Rights Reserved), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Defendant clearly understands high-end food photography is not generally available for free or that such can simply be copied from the internet.

30.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

34.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: November 29, 2022

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
      Daniel DeSouza, Esq.

**Exhibit "A"**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Tzyle Clazpett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-025-647

**Effective Date of Registration:**
December 30, 2016

---

## Title
_____

**Title of Work:** Group registration of photos published JAN 11, 1996 through DEC. 5, 1996; about 230 photos total.

**Previous or Alternate Title:** ADLIFE-COLLECTION-122816

**Content Title:** BeefPrimeRibRoast010_ADL, 11-21-1996;
BeefRibEye015_ADL, 09-16-1996;
BeefShortRib005_ADL, 05-16-1996;
BeefSirloinSteak002_ADL, 04-25-1996;

BeefSirloinSteakGrlMrk002_ADL, 07-20-1996;
BeefStripSteak005_ADL, 09-16-1996;
RawBeefFiletMignonSteak001_ADL, 08-16-1996;
RawBeefFlankSteakStuffed001_ADL, 01-11-1996;
RawBeefGround002_ADL, 08-16-1996;

RawBeefPorterhouse005_ADL, 11-23-1996;
RawBeefSteakGrill001_ADL, 07-05-1996;
RawBeefTriTipRoastBnls003_ADL, 02-23-1996;
Bacon001_ADL, 08-16-1996;
Bacon003_ADL, 08-16-1996;

Bacon004_ADL, 12-05-1996;
Bacon006_ADL, 01-11-1996;
Bacon007_ADL, 07-22-1996;
BaconCanadian001_ADL, 10-25-1996;
BaconHomestyle001_ADL, 08-16-1996;

BeefArmSteak001_ADL, 02-12-1996;
BeefChateaubriand001_ADL, 09-16-1996;
BeefFlorentine001_ADL, 03-19-1996;
BeefGoulash001_ADL, 02-11-1996;
BeefGrillerSteak001_ADL, 02-16-1996;

BeefPotPie001_ADL, 08-11-1996;
BeefSteakGrill001_ADL, 11-15-1996;
BeefSteakSalad001_ADL, 04-09-1996;
BeefStroganoff001_ADL, 08-11-1996;

HamBaked001_ADL, 09-05-1996;
HamBaked002_ADL, 09-05-1996;
HamBaked003_ADL, 02-18-1996;
HamBaked004_ADL, 03-19-1996;

HamBakedCanned001_ADL, 08-18-1996;

HamBakedCanned002_ADL, 08-18-1996;
HamBakedCanned003_ADL, 02-05-1996;
HamBakedCanned004_ADL, 01-13-1996;
HamBnIn001_ADL, 10-05-1996;
HamBnls001_ADL, 08-18-1996;

HamBnls002_ADL, 05-05-1996;
HamBnls003_ADL, 11-21-1996;
HamBnls004_ADL, 08-18-1996;
HamBnls005_ADL, 05-05-1996;
HamBnls006_ADL, 09-05-1996;

HamBnls007_ADL, 11-11-1996;
HamBnls008_ADL, 04-27-1996;
HamButtPortion001_ADL, 09-05-1996;
HamDaisyRoll001_ADL, 08-19-1996;
HamFreshCooked001_ADL, 11-13-1996;

HotDogHamburger001_ADL, 04-20-1996;
HotDogSteakGrill001_ADL, 08-11-1996;
MeatAsst002_ADL, 09-05-1996;
MeatAsst009_ADL, 05-05-1996;

MeatAsst012_ADL, 03-27-1996;
MeatAsst013_ADL, 03-20-1996;
MeatAsst014_ADL, 03-20-1996;
MeatAsst015_ADL, 04-11-1996;
MeatAsst016_ADL, 04-11-1996;

MeatAsst017_ADL, 04-09-1996;
MeatAsst018_ADL, 03-05-1996;
MeatAsst019_ADL, 03-05-1996;
MeatAsst020_ADL, 04-11-1996;
MeatAsst021_ADL, 03-22-1996;

MeatAsst024_ADL, 06-05-1996;
MeatAsstGrill001_ADL, 04-09-1996;
MeatAsstGrill002_ADL, 05-05-1996;
MeatAsstGrill003_ADL, 06-18-1996;
MeatAsstGrill004_ADL, 02-08-1996;

MeatAsstGrill005_ADL, 05-05-1996;
MeatAsstGrill006_ADL, 02-08-1996;
MeatAsstGrill007_ADL, 01-14-1996;
MeatAsstGrlMrk001_ADL, 03-05-1996;

MeatAsstGrlMrk002_ADL, 05-19-1996;
MeatAsstGrlMrk003_ADL, 06-10-1996;
MeatAsstGrlMrk004_ADL, 07-14-1996;
PorkButtSteak001_ADL, 09-14-1996;
PorkButtSteak002_ADL, 01-12-1996;

PorkButtSteak003_ADL, 01-13-1996;
PorkButtSteak004_ADL, 01-12-1996
PorkButtSteakGrlMrk001_ADL, 11-05-1996;



PorkChopAsst001_ADL, 08-05-1996;
PorkChopAsst002_ADL, 08-18-1996;

PorkChopAsst003_ADL, 08-18-1996;
PorkChopAsst004_ADL, 08-18-1996;
PorkChopAsst005_ADL, 08-18-1996;
PorkChopAsst006_ADL, 07-08-1996;
PorkChopAsst007_ADL, 07-08-1996;

PorkChopAsst008_ADL, 07-08-1996;
PorkChopAsst009_ADL, 07-08-1996;
PorkChopBBQ001_ADL, 08-05-1996;
PorkChopBnIn001_ADL, 09-05-1996;
PorkChopBnIn002_ADL, 09-05-1996;

PorkChopBnIn003_ADL, 08-18-1996;
PorkChopBnIn004_ADL, 05-19-1996;
PorkChopBnIn005_ADL, 02-05-1996;
PorkChopBnIn006_ADL, 09-05-1996;

PorkChopBnIn007_ADL, 09-05-1996;
PorkChopBnIn008_ADL, 09-05-1996;
PorkChopBnIn010_ADL, 09-05-1996;
PorkChopBnIn011_ADL, 01-19-1996;
PorkChopBnIn012_ADL, 11-15-1996;

PorkChopBnIn013_ADL, 09-05-1996;
PorkChopBnIn014_ADL, 09-05-1996;
PorkChopBnIn015_ADL, 04-26-1996;
PorkChopBnIn016_ADL, 02-05-1996;
PorkChopBnIn017_ADL, 04-25-1996;

PorkChopBnIn018_ADL, 04-25-1996;
PorkChopBnIn019_ADL, 04-25-1996;
PorkChopBnIn020_ADL, 04-25-1996;
PorkChopBnIn021_ADL, 06-17-1996;
PorkChopBnIn022_ADL, 06-17-1996;

PorkChopBnIn023_ADL, 06-17-1996;
PorkChopBnIn024_ADL, 06-17-1996;
PorkChopBnIn025_ADL, 06-17-1996;
PorkChopBnIn026_ADL, 11-16-1996;

PorkChopBnIn027_ADL, 11-16-1996;
PorkChopBnInGrlMrk001_ADL, 07-05-1996;
PorkChopBnInGrlMrk002_ADL, 07-05-1996;
PorkChopBnInGrlMrk003_ADL, 09-05-1996;
PorkChopBnInGrlMrk004_ADL, 09-05-1996;

PorkChopBnInGrlMrk005_ADL, 09-05-1996;
PorkChopBnInGrlMrk006_ADL, 09-05-1996;
PorkChopBnInGrlMrk007_ADL, 05-15-1996;
PorkChopBnInGrlMrk008_ADL, 06-18-1996;
PorkChopBnInGrlMrk009_ADL, 09-23-1996;

PorkChopBnInGrlMrk010_ADL, 05-15-1996;
PorkChopBnInGrlMrk011_ADL, 06-18-1996;
PorkChopBnInGrlMrk012_ADL, 09-23-1996;

PorkChopBnInGrlMrk013_ADL, 09-23-1996;

PorkChopBnInGrlMrk014_ADL, 07-16-1996;
PorkChopBnInGrlMrk015_ADL, 01-12-1996;
PorkChopBnInGrlMrk016_ADL, 04-11-1996;
PorkChopBnInGrlMrk017_ADL, 02-05-1996;
PorkChopBnInGrlMrk018_ADL, 06-17-1996;
PorkChopBnInGrlMrk019_ADL, 06-17-1996;

PorkChopBnInGrlMrk020_ADL, 06-17-1996;
PorkChopBnInGrlMrk021_ADL, 06-17-1996;
PorkChopBnInGrlMrk022_ADL, 06-17-1996;
PorkChopBnInStuffed001_ADL, 01-11-1996;

PorkChopBnInStuffed002_ADL, 06-11-1996;
PorkChopBnls001_ADL, 01-20-1996;
PorkChopBnls002_ADL, 03-12-1996;
PorkChopBnls003_ADL, 08-18-1996;
PorkChopBnlsGrlMrk001_ADL, 08-18-1996;

PorkChopBnlsGrlMrk002_ADL, 08-18-1996;
PorkChopBnlsGrlMrk003_ADL, 06-10-1996;
PorkChopBnlsStuffed001_ADL, 04-05-1996;
PorkChopBnlsStuffed002_ADL, 08-18-1996;
PorkChopCCBnIn001_ADL, 08-05-1996;

PorkChopCCBnIn002_ADL, 01-11-1996;
PorkChopCCBnIn003_ADL, 08-18-1996;
PorkChopCCBnIn004_ADL, 09-05-1996;
PorkChopCCBnIn005_ADL, 09-27-1996;
PorkChopCCBnIn006_ADL, 08-05-1996;

PorkChopCCBnIn007_ADL, 04-05-1996;
PorkChopCCBnIn008_ADL, 11-05-1996;
PorkChopCCBnIn009_ADL, 01-16-1996;
PorkChopCCBnIn010_ADL, 05-05-1996;

PorkChopCCBnIn011_ADL, 06-17-1996;
PorkChopCCBnIn012_ADL, 06-17-1996;
PorkChopCCBnIn013_ADL, 06-17-1996;
PorkChopCCBnIn014_ADL, 06-17-1996;
PorkChopCCBnIn015_ADL, 06-17-1996;

PorkChopCCBnIn016_ADL, 03-27-1996;
PorkChopCCBnIn017_ADL, 11-16-1996;
PorkChopCCBnIn018_ADL, 11-16-1996;
PorkChopCCBnIn019_ADL, 11-21-1996;
PorkChopCCBnIn020_ADL, 11-21-1996;

PorkChopCCBnIn021_ADL, 11-21-1996;
PorkChopCCBnInGrlMrk001_ADL, 11-15-1996;
PorkChopCCBnInGrlMrk002_ADL, 08-18-1996;
PorkChopCCBnInGrlMrk003_ADL, 11-05-1996;
PorkChopCCBnInGrlMrk004_ADL, 09-05-1996;

PorkChopCCBnInGrlMrk005_ADL, 11-05-1996;
PorkChopCCBnInGrlMrk006_ADL, 11-05-1996;
PorkChopCCBnInGrlMrk007_ADL, 02-05-1996;



PorkChopCCBnInGrlMrk008_ADL, 05-05-1996;
PorkChopCCBnInGrlMrk018_ADL, 05-22-1996;

PorkChopCCBnInGrlMrk019_ADL, 06-17-1996;
PorkChopCCBnInGrlMrk020_ADL, 06-17-1996;
PorkChopCCBnInGrlMrk021_ADL, 06-17-1996;
PorkChopCCBnInGrlMrk022_ADL, 06-17-1996;

PorkChopCCBnInGrlMrk023_ADL, 07-08-1996;
PorkChopCCBnInGrlMrk024_ADL, 07-08-1996;
PorkChopCCBnInGrlMrk025_ADL, 07-08-1996;
PorkChopCCBnInGrlMrk026_ADL, 07-08-1996;
PorkChopCCBnInGrlMrk027_ADL, 07-08-1996;

PorkChopCCBnInGrlMrk028_ADL, 07-08-1996;
PorkChopCCBnInGrlMrk029_ADL, 03-27-1996;
PorkChopCCBnls001_ADL, 09-05-1996;
PorkChopCCBnls002_ADL, 02-05-1996;
PorkChopCCBnls003_ADL, 02-05-1996;

PorkChopCCBnls004_ADL, 08-18-1996;
PorkChopCCBnls005_ADL, 08-18-1996;
PorkChopCCBnls006_ADL, 09-05-1996;
PorkChopCCBnls007_ADL, 07-13-1996;
PorkChopCCBnls008_ADL, 08-18-1996;

PorkChopCCBnls009_ADL, 09-05-1996;
PorkChopCCBnls010_ADL, 01-11-1996;
PorkChopCCBnls011_ADL, 08-18-1996;
PorkChopCCBnls012_ADL, 09-05-1996;

PorkChopCCBnls013_ADL, 09-05-1996;
PorkChopCCBnls014_ADL, 01-27-1996;
PorkChopCCBnls015_ADL, 10-24-1996;
PorkChopCCBnls016_ADL, 11-05-1996;
PorkChopCCBnls017_ADL, 11-05-1996;

PorkChopCCBnls018_ADL, 11-05-1996;
PorkChopCCBnls019_ADL, 08-18-1996;
PorkChopCCBnls020_ADL, 08-18-1996;
PorkChopCCBnls021_ADL, 09-05-1996;
PorkChopCCBnls022_ADL, 09-05-1996;

PorkChopCCBnls024_ADL, 10-13-1996;
PorkChopCCBnls025_ADL, 01-11-1996;
PorkChopCCBnlsGrlMrk001_ADL, 11-05-1996;
PorkChopCCBnlsGrlMrk002_ADL, 06-05-1996;
PorkChopCCBnlsGrlMrk003_ADL, 06-05-1996;

PorkChopCCBnlsGrlMrk004_ADL, 07-19-1996;
PorkChopCCBnlsGrlMrk005_ADL, 07-19-1996;
PorkChopCCBnlsGrlMrk006_ADL, 10-26-1996;
PorkChopCCGlazedGrlMrk001_ADL, 04-23-1996;
PorkChopCCGlazedGrlMrk002_ADL, 04-23-1996;

PorkChopRiceApplesauce001_ADL, 10-26-1996;
PorkChopRiceApplesauce002_ADL, 10-26-1996;
PorkChopVeggieApplesauce001_ADL, 10-26-1996;

PorkChopVeggieApplesauce002_ADL, 10-26-1996

PorkChopVeggieApplesauce003_ADL, 10-26-1996;
PorkChopVeggieApplesauce004_ADL, 10-26-1996;
PorkCutlet001_ADL, 04-05-1996;
PorkCutlet002_ADL, 06-22-1996;
PorkCutlet003_ADL, 08-19-1996;

PorkCutlet004_ADL, 08-09-1996;
PorkCutlet005_ADL, 05-09-1996;
PorkCutlet006_ADL, 02-15-1996;
PorkCutletCCLoinChopBnls001_ADL, 04-05-1996;
PorkCutletSirloin001_ADL, 08-19-1996;

PorkCutletSirloin002_ADL, 08-19-1996;
PorkCutletSirloin003_ADL, 08-19-1996;
PorkCutletSirloinGrlMrk001_ADL, 09-23-1996;
PorkCutletSirloinGrlMrk002_ADL, 09-23-1996;
RawBeefChuckRoastPan001_ADL, 07-16-1996;

RawBeefRibEyeSteakRoastBnls001_ADL, 02-05-1996;
RawBeefTopSirloinStripBnls001_ADL, 02-05-1996;
RawKabobCombo002_ADL, 10-05-1996;
RawMeatAsst003_ADL, 09-05-1996;

RawMeatAsst005_ADL, 09-09-1996;
RawMeatAsst006_ADL, 09-05-1996;
RawMeatAsst008_ADL, 11-05-1996;
RawMeatAsst010_ADL, 11-23-1996;
RawMeatAsst011_ADL, 12-05-1996;

RawMeatAsst022_ADL, 08-09-1996;
RawMeatAsst023_ADL, 08-09-1996.

## Completion/Publication

**Year of Completion:** 1996
**Date of 1st Publication:** January 11, 1996
**Nation of 1st Publication:** United States

## Author

- **Author:** Adlife Marketing & Communications Co., Inc., Employer-for-Hire of Joel Albrizio
**Author Created:** photograph
**Work made for hire:** Yes
**Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Adlife Marketing & Communications Co., Inc.
38 CHURCH ST, PAWTUCKET, RI, 02860-3906, United States

## Rights and Permissions

|  |  |
|---|---|
| **Organization Name:** | SHORES & OLIVER PC |
| **Name:** | Milton M. Oliver. Esq. |
| **Email:** | milton.oliver@shoresoliver.com |
| **Telephone:** | (774)521-3058 |
| **Alt. Telephone:** | (781)910-9664 |
| **Address:** | PO BOX 790 |
|  | COTUIT, MA 02635-0790 United States |

## Certification

|  |  |
|---|---|
| **Name:** | MILTON M. OLIVER, Esq. |
| **Date:** | December 30, 2016 |
| **Applicant's Tracking Number:** | 873-057-329 |

**Copyright Office notes:** Regarding publication: published JAN 11, 1996 through DEC. 5, 1996; about 230 photos total.

*0000VA00020256470505*

**Exhibit "B"**





**EXHIBIT "B"**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### CLERK'S CERTIFICATE OF ACTION TAKEN ON
### PLAINTIFF(S) REQUEST FOR ENTRY OF DEFAULT

---

Prepared Food Photos, Inc.
f/k/a Adlife Marketing & Communications Co., Inc.

           vs.                       CASE NUMBER: **1:22-CV-1270 (LEK/ATB)**

WaDaYaNeed, LLC
d/b/a Whatdoyouneed.com

---

     I, JOHN M. DOMURAD, CLERK, by Joanne Bleskoski, Deputy Clerk, certify that I have reviewed the Court's docket and have determined that proof of proper service for the party against whom judgment is being sought has been filed and that this party has not appeared in the action. Accordingly, entry of default is hereby noted and entered on this 23rd day of February, 2023 against WaDaYaNeed, LLC d/b/a Whatdoyouneed.com.

Dated:   ___February 23, 2023___

Clerk of Court

                                 By: s/ Joanne Bleskoski

                                 Deputy Clerk